# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR MENDEZ,<br><br>        Plaintiff,<br><br>v.<br><br>TREVINO, et al.,<br><br>        Defendants. | CASE NO. 1:11-CV-01932-MJS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO INCLUDE ADDITIONAL DECLARATION<br><br>(ECF No. 7) |

## I. PROCEDURAL HISTORY

On November 21, 2011, Plaintiff, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

On February 8, 2012, Plaintiff filed the instant Motion to Include Additional Declaration. (ECF No. 7.)

## II. APPLICABLE LAW

In the case of a motion for an amended pleading, under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court, or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed.R.Civ.P. 15(a).

"Rule 15(a) is liberal and leave to amend shall be given when justice so requires.

-1-

Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed.R.Civ.P. 15(a)). "In determining whether to grant leave to amend, the court considers five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint. Bolbol v. City of Daly City, 754 F.Supp.2d 1095, 1119 (N.D.Cal. November 17, 2010) (citing Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004)).

Amended pleadings must be complete within themselves without reference to another pleading. Partial amendments are not permissible. Local Rules for the U.S.D.C. Eastern District, Rule 220.

## III. ANALYSIS

The Court construes Plaintiff's motion as a motion to amend to add the November 8, 2011,declaration of fellow inmate Jesse James to his Complaint. The motion must be denied on several grounds.

The proposed amendment is not a complete amended pleading. As noted, amended pleadings must be complete within themselves without reference to another pleading. Any pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50. Here, Plaintiff improperly asks to file an amendment to his underlying pleading or a partial amendment.

The proposed amendment, if intended to supplement the Complaint, fails because Plaintiff may not "supplement" as to events, like the instant declaration of inmate James, occurring prior to the date of the Complaint. Fed.R.Civ.P 15 (d).

The Complaint has not been screened, and no responsive pleading or motion has been filed in this matter. Plaintiff, at the present time, is not required to seek leave of the Court in order to file an amended complaint that complies with the requirements noted above.

## IV. ORDER

Accordingly, for the foregoing reasons, it is ORDERED that Plaintiff's Motion to Include Additional Declaration (Doc. 7) is DENIED.

IT IS SO ORDERED.

Dated:   February 9, 2012                    /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE