# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

OSCAR MENDEZ,

                  Plaintiff,

    v.

PETE TREVINO, et al.,

                 Defendants.

_____/

CASE No.    1:11-cv-01932-MJS (PC)

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

(ECF No. 1)

AMENDED COMPLAINT DUE WITHIN THIRTY DAYS

## FIRST SCREENING ORDER

I.    **PROCEDURAL HISTORY**

       Plaintiff Oscar Mendez is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed November 21, 2011 pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff's Complaint is now before the Court for screening.

## II.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.   SUMMARY OF COMPLAINT

Plaintiff claims Defendants have violated his right to religious free exercise and non-discrimination based upon the following:

Plaintiff is a Native American "Yaqui" Indian whose religious practice involves aspects of both Native American and Christian religions. (Compl. at 3.) Defendant Trevino, the Spiritual Advisor at the California Correctional Institution-Corcoran ("CCI"), denied him access to Native American services because (1) he can not attend both Native American

services and Christian services, and (2) there were hearsay allegations he was using drugs and selling Indian beadwork. (Id. at 3, 5-7.) Defendants Zanchi and Stainer improperly denied his related prison appeal. (Id. at 3.)

He names as Defendants (1) Pete Trevino, CCI Native American Spiritual Advisor, (2) D. Zanchi, CCI Associate Warden, (3) Stainer, CCI Warden. (Id. at 2-3.)

He seeks injunctive relief allowing freedom of worship, monetary compensation, and appointment of counsel should the Court require oral argument. (Id. at 3, 8.)

## IV.   ANALYSIS

### A.   Pleading Requirements Generally

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**B.** **Free Exercise**

Plaintiff alleges Defendants have prevented him from exercising his Yaqui Indian religion, and discriminated against him based upon his status as a Yaqui Indian religious adherent.

"[A] prison inmate retains those First Amendment rights that are not inconsistent with his [or her] status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974).

In order to implicate the Free Exercise Clause, the prisoner's belief must be both (1) sincerely held and (2) rooted in religious belief. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); see also Africa v. Pennsylvania, 662 F.2d 1025, 1029-30 (3rd Cir. 1981).

Restrictions on access to religious opportunities - whether group services, chapel visits, or meetings with religious advisers - must be found reasonable in light of four factors: (1) whether there is a valid, rational connection between the regulation and a legitimate government interest put forward to justify it; (2) whether there are alternative means of exercising the right that remain open to prison inmates; (3) whether accommodation of the asserted constitutional right would have a significant impact on guards and other inmates; and (4) whether ready alternatives are absent (bearing on the reasonableness of the regulation). Turner v. Safley, 482 U.S. 78, 89-90 (1987); see also Beard v. Banks, 548 U.S. 521, 529 (2006); Mauro v. Arpaio, 188 F.3d 1054, 1058-59 (9th Cir. 1999).

Here Plaintiff fails to allege facts sufficient to demonstrate a denial of the right to free exercise under the above standards. The information before the Court is insufficient to determine whether Plaintiff's Yaqui Indian religious beliefs require accommodation through access to Native American religious services. See Kendrick v. Faust, 682

-4-

F.Supp.2d 932, 946 (E.D. Ark. 2010) (First Amendment claim fails where inmate fails to allege how Defendant's conduct prohibited practice of her religion). Significantly, Plaintiff fails to allege sincerely held beliefs, tenets, practices and mandatory conduct of the Yaqui religion which Defendants failed to accommodate.[1] He does not allege the religious classification in his CDC file. He alleges no facts refuting a penological justification for Defendants' conduct in relation to drug usage, sale of Indian beadwork, and Plaintiff's desire to program for more than one religous service.

Plaintiff has failed to allege facts sufficient to support a First Amendment free exercise claim under the above standards. The Court will give Plaintiff leave to amend his Complaint to attempt to assert a First Amendment violation.

To the extent that Plaintiff elects to allege in his amended Complaint a violation of his right to free exercise of religion, he must allege both (1) a substantial interference with conduct mandated by sincerely held beliefs and tenets of his Yaqui Indian faith, and (2) that the hindrance was without any legitimate penological interest. See Abobkr v. Mills, 2008 WL 4937370 at *3 (E.D. Cal. November 17, 2008).

## C.    Equal Protection

Plaintiff alleges Defendants discriminated against his status as a Yaqui Indian religious adherent treating him differently from similarly situated religious adherents.

The Equal Protection Clause of the Fourteenth Amendment requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). An equal protection claim may be

---

[1] Plaintiff alleges this action "is about [his] right to practice [his] Yaqui culture, identity, tradition and way of life." Compl. at 5.

established by showing that the defendant intentionally discriminated against the

plaintiff based on the plaintiff's membership in a protected class, Serrano v. Francis,

345 F.3d 1071, 1082 (9th Cir. 2003), see also Lee v. City of Los Angeles, 250 F.3d 668,

686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated

differently (disparately) without a rational relationship to a legitimate state purpose.

Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); see also Lazy Y Ranch Ltd.

v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica,

526 F.3d 478, 486 (9th Cir. 2008).

The Equal Protection Clause protects prisoners from intentional discrimination on

the basis of their religion, Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), citing

Cruz v. Beto, 405 U.S. 319, 321-22 (1972), abrogated on other grounds by Shakur, 514

F.3d at 884-85, and entitles each prisoner to a reasonable opportunity of pursuing his

faith comparable to the opportunity afforded fellow prisoners who adhere to

conventional religious precepts. Shakur, 514 F.3d at 891. Prison officials can not

discriminate against particular religions. See Cruz, 405 U.S. at 321-22; see also Rupe

v. Cate, 688 F.Supp.2d 1035, 1049 (E.D. Cal. 2010).

To state a claim based on membership in a protected class, Plaintiff must allege

facts that prison officials intentionally discriminated against him on the basis of his

status as an adherent of Yaqui Indian religion[2] by failing to provide him a reasonable

opportunity to pursue his faith compared to other similarly situated religious groups.

Cruz, 405 U.S. at 321-22; Shakur, 514 F.3d at 891.

---

[2] "A plaintiff must show that the defendants acted with an intent or purpose to discriminate against [him] based upon membership in a protected class." Thornton v. City of St. Helens, 425 F.3d 1158, 1167 (9th Cir. 2005).

Here Plaintiff alleges Defendants acted on hearsay information of drug usage and beadwork sale and because he wanted to program for both Native American services and Christian services. Nowhere does he allege an facts suggesting Defendants' intentionally discriminated against him because of and based upon his Yaqui Indian faith. Nor does he allege facts that his adherence to Yaqui Indian faith caused him to be treated differently than other religious adherents for no rational institutional goal.

The Court will allow an opportunity to amend this claim. To the extent that Plaintiff elects to allege in his amended complaint a violation of his right to equal protection, he must allege facts of Defendants' intentional discrimination against him based on his status as adherent of Yaqui Indian religion, or that similarly situated individuals were intentionally treated differently (disparately) without a rational relationship to a legitimate state purpose.

**D.    RLUIPA**

Plaintiff also makes a claim under the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), which provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person (1) is in furtherance of a compelling government interest; and (2) is the least restrictive means of furthering that compelling government interest.

See 42 U.S.C. §§ 2000cc to 2000cc-5 (2000). Plaintiff bears the initial burden of

demonstrating that Defendants substantially burdened the exercise of his religious

beliefs. <u>Warsoldier v. Woodford</u>, 418 F.3d 989, 994-95 (9th Cir. 2005). A "substantial

burden" is one that is "oppressive to a significantly great extent." <u>Id.</u> at 995. It "must

impose a significantly great restriction or onus upon [religious] exercise." <u>Id.</u> A

substantial burden includes situations "where the state . . . denies [an important benefit]

because of conduct mandated by religious belief, thereby putting substantial pressure

on an adherent to modify his behavior and to violate his belief." <u>Id.</u>

If a plaintiff meets this burden, the defendants must demonstrate that "any

substantial burden of [plaintiff's] exercise of his religious beliefs is both in furtherance of

a compelling governmental interest and the least restrictive means of furthering that

compelling governmental interest." <u>Id.</u> "RLUIPA is to be construed broadly in favor of

protecting an inmate's right to exercise his religious beliefs." <u>Id.</u>

Here, for the reasons state above, Plaintiff fails to allege any facts identifying

Yaqui Indian religious beliefs burdened to any extent by Defendants' actions.

Accordingly, he fails to state a claim under RLUIPA. He will be given leave to

amend this claim. In his amended complaint, Plaintiff should identify the substantial

burden imposed upon the practice of his Yaqui religion, how and why it was such a

substantial burden, whether it was in furtherance of a compelling interest, whether it

was implemented in the least restrictive means, and which Defendants were

responsible for it and how and why they were responsible.

### E.   Injunctive Relief

Plaintiff seeks injunctive relief allowing freedom of worship and religious

expression.

Injunctive relief is an "extraordinary remedy, never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id., citing Munaf v. Geren, 553 U.S. 674, 689-90 (2008).

In cases brought by prisoners involving conditions of confinement, the Prison Litigation Reform Act (PLRA) requires that any preliminary injunction "be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a).

Here it appears Plaintiff has transferred from CCI, where the alleged rights violations took place, to Ironwood State Prison. (Notice of Change of Address, ECF No. 10.) As to Defendants, injunctive relief is moot unless, as is not the case here, there is an expectation that Plaintiff will be returned to their custody. Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); see also Andrews v. Cervantes, 493 F.3d 1047, 1053, n.5 (9th Cir. 2007). The harm alleged here does not "fall within that category of harm 'capable of repetition, yet evading review'". Preiser, 422 U.S. 395 at 403, quoting Southern Pacific Terminal Co. v. ICC, 219 U.S. 498, 515 (1911).

Furthermore, nothing in the Complaint suggests real and immediate threat of injury. See City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does

not in itself show a present case or controversy regarding injunctive relief . . . if

unaccompanied by any continuing, present, adverse effects.") Nothing before the Court

suggests Plaintiff is presently being denied free exercise of his religious beliefs.

Plaintiff's allegations do not support an entitlement to injunctive relief. Indeed,

they tend to rule it out. The Court will not allow leave to amend in this regard.

### F.   Exhaustion of Administrative Remedies

Plaintiff alleges exhaustion of prison administrative remedies and cites the Court

to documentation attached to his Complaint. The attached documentation supports

exhaustion of claims arising from Defendants' reliance on alleged hearsay allegation of

drug use and sale of beadwork, but not as to Defendants' alleged demand that Plaintiff

choose between Native American services and Christian services.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be

brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal

law, by a prisoner confined in any jail, prison, or other correctional facility until such

administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The

Act's exhaustion requirement applies to all prison actions. Williams v. Metropolitan

Detention Center, 418 F.Supp.2d 96, 100-101 (E.D.N.Y. 2005).

Exhaustion of administrative remedies is required regardless of the relief sought

by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper exhaustion is

required so "a prisoner must complete the administrative review process in accordance

with the applicable rules, including deadlines, as a precondition to bringing suit in

federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008), quoting

Woodford v. Ngo, 548 U.S. 81, 87-88 (2006).

If Plaintiff chooses to amend he should allege facts of exhaustion as to all claims in issue.

## V.    CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under § 1983. The Court will grant him an opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 667-68. He must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). He must also demonstrate that each named Defendant personally participated in a deprivation of his rights under color of state law. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). He should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First

Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint filed November 21, 2011,

2.      Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted,

3.      Plaintiff shall file an amended complaint within thirty (30) days from service of this order, and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action shall be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:     August 30, 2012           /s/ *Michael J. Seng*

                        UNITED STATES MAGISTRATE JUDGE